the plaintiff has obtained an advantage, and is not in a position to demand a reversal of the order.

The order should therefore be affirmed, with $10 costs and dis-bursements.

(36 Misc. Rep. 93.)

### HOEY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Trial Term, New York County. October, 1901.)

1. ACTION FOR NEGLIGENCE—EVIDENCE—FINDINGS.

On a finding by a jury that a man, injured by defendant's negligence ten months before, died of quick consumption, which existed for only two months, a further finding that he would not have died at the time he did but for the injury was not sustained by the evidence.

2. SAME.

Where a person was injured by the negligence of a street car company, and some months thereafter, when he had not yet recovered from his injuries, was stricken with quick consumption and died, it is a matter of speculation, insufficient to sustain a verdict, as to whether he would have died before the action was brought but for the intervention of a new controlling cause.

Action by Katie V. Hoey, administratrix of James J. Hoey, against the Metropolitan Street Railway Company. Motion by defendant for dismissal of the complaint and for a verdict. Judgment dismissing complaint and setting aside general verdict and answers to the specific questions, except the first.

Jacob Marks (Lyman E. Warren, of counsel), for plaintiff.

Henry A. Robinson (Francis L. Wellman, of counsel), for defendant.

RUSSELL, J. The plaintiff recovered a verdict of $12,500 upon the claim that her husband, James J. Hoey, came to his death from the negligence of the defendant. Before the cause was submitted to the jury, counsel for the defendant moved for a dismissal of the complaint and for a verdict, the decision upon which motion was reserved until after the finding of the jury upon specific questions of fact, with their general verdict. The injury which the deceased received occurred on the 11th day of December, 1899; the death on the 30th of September, 1900. The jury find specifically: First, that James J. Hoey died September 30, 1900, from hasty consumption; second, that he would not have died September 30, 1900, but for the injury of December 11, 1899; third, that the disease of consumption would not have come to him, but for the injury; and, fourth, that he died because of the negligence of the defendant.

There was ample evidence upon which the jury could find that quick consumption, originating a few weeks before the death, was the direct cause which produced that death. A verdict to the contrary would not have been justified by the evidence. The deceased undoubtedly sustained severe injury from the collision of December 11, 1899, and, had he gradually failed, with no new disease intervening to cause his death, the jury would have been justified in finding from the evidence that it was caused by the injury received

in a collision for which the defendant was to blame. During a period, however, of some eight months after the injury, Hoey apparently progressed somewhat on the road to recovery, exhibiting in the spring of 1900 some consciousness of greater strength, by attempting to resume his former employment, and working for a few days at manual labor. He was not strong enough to do so, however, and remained quiet until August, when he was stricken with incipient tuberculosis, from which he died on the 30th of September. Upon the facts, therefore, the jury was not at liberty to find that Hoey would have died before the bringing of this action from the effects of the injury, having also found that his death came when it did from hasty consumption. But the aid, furnished by the opinions of eminent physicians, was afforded to the jury and the court to link the accident to the death by their judgment upon the assumed facts that a disease called "progressive muscular atrophy" caused the death by shattering the system, and thus exposing it to sudden disease. There is no evidence that any blow in the injury caused tubercles to form, but it is claimed that they might be generated months after the injury by some unsolved connection with weakening physical powers. All of the physicians, however, substantially agree that tuberculosis is produced in the lungs by the inhalation of the germs from the atmosphere, and that this principle has become a truism as a fact, and not as a mere opinion. If we must accept those teachings of pathology which have become demonstrations, in passing upon human rights, we must regard as a conclusive fact that James J. Hoey died from consumption immediately produced from the inhalation of bacilli, and not so produced by a blow over nine months before his death. It becomes, therefore, a matter of mere speculation as to whether Hoey would have lived or died before the action was brought but for the intervention of a new controlling cause. All human frames are subject to some physical weakness which may at some time render the body pervious to a disease resulting in death. The system of Hoey was undoubtedly shattered by the negligence of the defendant, and, if there was sufficient in this case from which a jury might infer that death came from microbrian germs generated by traumatism, a verdict for the plaintiff might be sustained. But the jury has found that tuberculosis directly caused the death, and this finding expressly negatives the assertion that such death was caused by the injury, except that there is a bare possibility that the frame, weakened by the injury, succumbed more readily to the new disease than it otherwise would but for that injury. Such a possibility is insufficient upon which to rest a verdict. Weber v. Railroad Co., 12 App. Div. 512, 42 N. Y. Supp. 789. I am duly mindful of the value of the opinions of the expert witnesses for the plaintiff, but such opinions are valuable only as resting upon the facts assumed, and are insufficient of themselves to justify a verdict. Dobie v. Armstrong, 27 App. Div. 520, 526, 50 N. Y. Supp. 801, per Follett, J., affirmed in 160 N. Y. 584, 55 N. E. 302. And, if the testimony of the experts for the plaintiff is closely analyzed, it becomes quite clear that their divergence from the theory of the experts for the defense, that

tuberculosis in the lungs was caused by inhalation of the bacilli, is more apparent than real. The more general findings, therefore, of the jury, by their general verdict, and the answers to the questions other than the first, are controlled by the finding as to the direct cause of death, leaving those other findings to drop as unsustained by the evidence under the more significant answer as to what did cause the death.

In view of the propriety of the practice pointed out by section 1187 of the Code of Civil Procedure, judgment is directed dismissing the complaint and setting aside the general verdict and the answers to the specific questions, except the first. Judgment accordingly.